UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

RODERICK EARL VANGA,

Defendant.

No. CR11-246RSL

ORDER DENYING MOTION TO
REDUCE SENTENCE
PURSUANT TO 18 U.S.C. § 3582

This matter comes before the Court on defendant's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582, Dkt. # 169, which the government opposes, Dkt. # 173. Having reviewed the parties' briefing and the relevant record,[1] the Court finds as follows.

In November 2011, pursuant to an agreement with the government, Dkt. # 83, defendant pled guilty to one count of conspiracy to import n-benzylpiperazine (in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(3), and 963). Dkt. # 89. In August 2012, the Court sentenced defendant to 84 months in custody, followed by three years of supervised release. Dkt. # 153.

On April 17, 2017, defendant filed this motion to reduce his sentence under 18 U.S.C. § 3582. Dkt. # 169. That provision authorizes courts to reduce a previously imposed sentence in

---

[1] Defendant also moves for leave to file additional documents in support of his motion to reduce his sentence. Dkt. # 171. The government does not oppose this motion. The Court GRANTS the motion and has reviewed defendant's additional filings.

ORDER DENYING MOTION TO
REDUCE SENTENCE PURSUANT
TO 18 U.S.C. § 3582

light of subsequent amendments to the Sentencing Guidelines.  In requesting a sentence

reduction, defendant relies on Amendment 788 to the Sentencing Guidelines, which made

Amendment 782 (reducing the recommended penalties for most drug offenses by lowering the

offense levels on the § 2D1.1 Drug Quantity Table) retroactively applicable.  But because

defendant's current sentence of 84 months in custody is lower than the Guidelines range that

would result from application of the amendments, a sentence reduction is not warranted.  See

U.S.S.G. § 1B1.10(b)(2) (effective November 1, 2014).

Specifically, at defendant's sentencing, the Court accepted the drug amounts agreed upon

by the parties as part of the plea agreement, and, applying prospectively a Guidelines

amendment effective November 1, 2012, calculated defendant's base offense level as Level 32.

Statement of Reasons at 1; Dkt. # 143 at 7.  After applying a two-level enhancement for

defendant's possessing a deadly weapon, a four-level enhancement for defendant's role in the

offense, and a three-level reduction for defendant's acceptance of responsibility, the Court

calculated defendant's total offense level as 35.  Combined with a Criminal History Category of

I, defendant's Guidelines range was 168 to 210 months of imprisonment.  Statement of Reasons

at 1; Dkt. # 143 at 7–15.

With the two-level base offense level reduction required by Amendments 782 and 788,

defendant's adjusted total offense level would be 33 rather than 35.  With a Criminal History

Category of I, defendant's revised Guidelines range would be 135 to 168 months of

imprisonment.  Accordingly, while defendant's sentencing range is lowered by a retroactively

applicable Guidelines amendment, see United States v. Wesson, 583 F.3d 728, 730 (9th Cir.

2009), the sentence actually imposed – 84 months – remains well below the revised Guidelines

range.

The policy statement contained in Sentencing Guideline § 1B1.10(b)(2) provides that a

ORDER DENYING MOTION TO
REDUCE SENTENCE PURSUANT
TO 18 U.S.C. § 3582                    -2-

1  court may not "reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to

2  a term that is less than the minimum of the amended guideline range."  Because reducing

3  defendant's 84-month sentence would necessarily shorten his term of imprisonment to a term

4  less than the 135-month minimum of the amended guideline range, reduction would not be

5  consistent with that policy statement.  Accordingly, the Court lacks authority to grant

6  defendant's motion under 18 U.S.C. § 3582.  See 18 U.S.C. § 3582(c)(2); United States v.

7  Waters, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam) (citing Wesson, 583 F.3d at 730).

8          Finally, any request for a reduction of defendant's sentence in light of his medical

9  condition must be made by the Director of the Bureau of Prisons under 18 U.S.C.

10  § 3582(c)(1)(A).  While the Court acknowledges the hardship that defendant's progressive

11  illness has caused, the Court lacks the authority to modify defendant's sentence based on a

12  request for a compassionate reduction from defendant himself.

13

14          For the foregoing reasons, defendant's motion for leave to file supporting documents

15  (Dkt. # 171) is GRANTED, and defendant's motion to reduce his sentence pursuant to 18 U.S.C.

16  § 3582 (Dkt. # 169) is DENIED.

17

18          Dated this 25th day of July, 2017.

19

20                                                      Robert S. Lasnik
                                                        United States District Judge
21

22

23

24

25

26  ORDER DENYING MOTION TO
    REDUCE SENTENCE PURSUANT
    TO 18 U.S.C. § 3582                    -3-