UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RODERICK EARL VANGA,<br><br>Defendant. | Case No. CR22-132RSL<br>No. CR11-246RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

This matter comes before the Court on defendant's "Motion for Early Termination of Supervised Release" (Dkt. # 197). The Court, having reviewed the motion, records, and files herein, as well as the relevant factors set forth in 18 U.S.C. § 3553(a), DENIES defendant's motion.

"[A]fter considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (quoting 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quoting 18 U.S.C. § 3583(e)(1)).

Here, while the Court commends defendant's excellent compliance with the terms of his supervised release, it concludes that both he and the interests of justice will be well-served by

ORDER DENYING DEFENDANT'S MOTION FOR
EARLY TERMINATION OF SUPERVISED
RELEASE - 1

completing at least eighteen months of his three-year term of supervised release.[1] *See* Dkt. # 199 at 4 (explaining that defendant began his term of supervised release on June 9, 2022); Dkt. # 153 at 3 (sentencing defendant to a three-year term of supervised release).[2] If Mr. Vanga maintains his performance through the end of December 2023, the Court will entertain a renewed motion for early termination of supervised release.

      IT IS SO ORDERED.

      DATED this 6th day of July, 2023.

                                        */s/ Robert S. Lasnik*
                                        Robert S. Lasnik
                                        United States District Judge

---

[1] To the extent defendant argues that he has been "violation free" for "three years of active supervision," Dkt. # 197 at 2, the Court disagrees. The Ninth Circuit has explained that a "prisoner's term of supervised release does not begin when he is on home confinement while still serving his federal sentence, because he remains in BOP's legal custody during that time." *United States v. Earl*, 729 F.3d 1064, 1066 (9th Cir. 2013). However, the Court considers defendant's successful performance on home confinement as part of its broader analysis under § 3583(e)(1).

[2] These citations refer to the docket in case no. CR11-246RSL.

ORDER DENYING DEFENDANT'S MOTION FOR
EARLY TERMINATION OF SUPERVISED
RELEASE - 2